JESSE B. BROWN, *in Equity, versus* FRANCES U. DWELLEY *& al.*

A trust results, by implication of law, in favor of one who has furnished his agent with money, paid to purchase for him a parcel of land, if the agent takes the conveyance to himself. And, if the agent dies solvent, this Court may decree, that the heirs shall release to the equitable owner.

SUIT IN EQUITY. The substantial allegations in plaintiff's bill, are, that his son, David B. Brown, now deceased, had for several years been allowed by him to sail his vessels and receive their earnings; to purchase and sell vessels and merchandize, and otherwise to employ funds in his hands belonging to him; the said David B. using his own name in such transactions when he chose; the plaintiff having full confidence in his integrity, and believing that he would faithfully keep and truly account for the money and property entrusted to him, whenever thereto required.

That the said David B. Brown purchased certain real estate, described in the bill, and the same was conveyed to him, his heirs and assigns, by deed duly executed. And the plaintiff alleges that the purchase was his purchase and for. his benefit, and made with funds furnished by him for that purpose; that, at the time of the purchase, he did not know that the deed was not made directly to himself, as he expected it would be, and that, when he afterwards learned that the conveyance was to his son, he deferred taking a conveyance to himself, in confidence that the premises thereby conveyed would be held for his benefit, and conveyed to him when required.

That the said David, in the year 1853, made a voyage to California, and from thence sailed for New York, where he arrived about the first of January, 1854. That, on his arrival at New York, he was suddenly taken sick and soon after died, leaving a widow, Francis U. Brown, (now Dwelley,) and three children under the age of fourteen years. That his said widow was appointed administratrix of said David's estate, and, in due course of law, the estate was represented insolvent, and commissioners of insolvency duly appointed. That the plaintiff presented his claims against the said estate to said commissioners, amounting to $3000, and it was thereupon agreed, between the administratrix and her counsel and the said plaintiff, that the commissioners should allow but $2000, and that the administratrix would convey to plaintiff the title of the deceased to the premises that had been conveyed to said David, as before set forth. But afterwards the said estate proved actually solvent, so that the administratrix never was nor could be empowered to sell said land, nor could the guardian of said minors, except by decree of this Court as a court of equity.

The answer of said administratrix, and of J. C. Talbot, who had been appointed guardian, *ad litem,* for the minor defendants, admitted all the material allegations of plaintiff, set forth in his bill.

*G. F. Talbot* for plaintiff.

*J. C. Talbot, Jr.,* for defendants.

The opinion of the Court was drawn up by

RICE, J. — None of the material allegations in the plaintiff's bill are controverted by the defendants. On the contrary, so far as the defendants have knowledge, they are expressly admitted. From the bill and answers, it appears that David B. Brown, in his life time, purchased the land described in the plaintiff's bill, and took a deed thereof in his own name, but paid therefor with the money furnished for that purpose by the plaintiff. From these facts, a trust resulted by implication of law, in favor of the plaintiff.

The estate of David B. Brown, which was represented to be insolvent, turns out, on settlement, to be solvent. There are no parties interested in said estate adversely to the plaintiff, except Frances U. Dwelley, who was the widow of said deceased, and is administratrix on his estate, and two minor children of the deceased, who appear by guardian.

As neither of these parties contest the truth or equity of the plaintiff's claim, but, so far as they have knowledge, expressly admit the same, we can perceive no reason why the prayer of the bill should not be granted.

The case is, therefore, remitted to the County Court, where a decree will be entered, directing the defendants to convey the land described, by deed of quit claim, according to the prayer of the plaintiff's bill, but without costs to the defendants, who are in no fault.

TENNEY, C. J., HATHAWAY, APPLETON, CUTTING, and GOODENOW, J. J., concurred.